UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EMILIANO GARCIA VARRIOS, JR., Petitioner, v. WARDEN, Respondent. | CAUSE NO. 3:26-CV-1371-JD-AZ |

OPINION AND ORDER

Emiliano Garcia Varrios, Jr., a prisoner without a lawyer, filed a habeas petition to challenge his conviction for attempted murder under Case No. 20C01-2401-F1-1 and domestic battery under Case No. 20C01-1903-F6-421.[1] The Elkhart Circuit Court sentenced him in both cases to a total of thirty-one years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Varrios was convicted of attempted murder under Ind. Code § 35-42-1-1, and he was convicted of domestic battery under Ind. Code § 35-42-2-1.3. He argues that because the Indiana statutes codifying these criminal offenses differ from the federal statute codifying the same offenses, the Indiana statutes are invalid, and the federal statutes govern his conviction. He specifically observes that the federal statute for

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

domestic battery, 18 U.S.C. § 117 requires two prior domestic violence convictions for a sentence enhancement while the Indiana statute requires only one prior domestic violence conviction for a sentence enhancement. He relies on the Supremacy Clause and *Ping v. United States*, 130 U.S. 581, 605 (1889), for the proposition that "[t]he constitution and laws of a state, so far as they are repugnant to the constitution and laws of the United States, are absolutely void."

As an initial matter, Varrios provides no explanation as to why he believes that the Indiana statute is "repugnant" to the federal murder statute. Further, the fact that Indiana requires only one prior domestic violence conviction for a sentence enhancement cannot be fairly characterized as "repugnant" to 18 U.S.C. § 117. The federal statute says nothing about what conduct the States might prohibit in their respective jurisdictions under the criminal offense of domestic battery; it also does not purport to govern conduct that takes place solely within the respective jurisdictions of the States. To the contrary, the federal statute expressly limits its purview to incidents occurring "within the special maritime and territorial jurisdiction of the United States or Indian country." Additionally, the separate criminal codes for the United States and for each of the individual States are entirely consistent with the dual sovereignty system of government established by the Constitution. *See Gamble v. United States,* 587 U.S. 678, 681, 689 (2019) (reaffirming the principle that "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute."). Consequently, the court cannot find that the Indiana criminal statutes are invalid because they are "repugnant" to federal criminal statutes.

Varrios also argues that the State courts lacked statutory authority to convict him for attempted murder because Ind. Code § 35-42-1-1 defines the offense of murder and requires the killing of another human being, which the prosecution did not establish at his trial. However, Varrios does not address Ind. Code § 35-41-5-1, which defines an attempted crime and provides that attempted murder is a Level 1 felony. Moreover, Indiana law does not include the killing of another human being as an element of attempted murder. *Osborne v. State*, 754 N.E.2d 916, 924 (Ind. 2001) ("To establish attempted murder, the State must prove beyond a reasonable doubt that (1) the defendant acted with the specific intent to kill; and (2) the defendant engaged in conduct constituting a substantial step toward commission of the crime."). Therefore, Varrios' argument regarding the trial court's statutory authority to convict him of attempted murder is not a basis for habeas relief.

In sum, the court is inclined to find that Varrios' habeas claims are meritless,. However, in light of his *pro se* status, the court will grant Varrios an opportunity to respond to the court's assessment of his claims rather than immediately denying the habeas petition.

As a final matter, the court observes that Varrios has not resolved his filing fee status. To proceed with this case, Varrios must resolve his filing fee status by either paying the filing fee in full or by filing a motion for leave to proceed *in forma pauperis* with his prison account summary for the last six months attached.

For these reasons, the court:

(1) ORDERS Emiliano Garcia Varrios, Jr., to file a response to this Order and to resolve his filing fee status by October 23, 2026; and

(2) CAUTIONS Emiliano Garcia Varrios, Jr., that, if he does not respond by this deadline, the court will dismiss this case without further notice.

SO ORDERED on October 6, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT